IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FREDDY CLINTON MCBEE                                                                        PLAINTIFF

vs.                                              Civil No. 2:13-cv-02060

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Freddy Clinton McBee ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his DIB application on September 2, 2010. (Tr. 103). Plaintiff alleges being disabled due to COPD, emphysema, and degenerative disc disease. (Tr. 124). Plaintiff alleges an onset date of June 9, 2010. (Tr. 103). This application was denied initially and again upon reconsideration. (Tr. 62-63). Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 73-82).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

On December 7, 2011, this administrative hearing was held in Hot Springs, Arkansas. (Tr. 21-61). Plaintiff was present at this hearing and was represented by David Harp. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* At this hearing, Plaintiff testified he was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (DIB). (Tr. 26). As for his level of education, Plaintiff testified he had obtained a college degree in computer science. *Id.*

After this hearing, on February 1, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-17). In this decision, the ALJ found Plaintiff met the disability insured status requirements of the Act on his alleged onset date and continued to meet them through at least December 31, 2015. (Tr. 16, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date of disability. (Tr. 16, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, status-post remote diskectomy; degenerative disc disease of the cervical and thoracic spine; chronic obstructive pulmonary disease (COPD); and hypertension. (Tr. 16, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16, Finding 6). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. (Tr. 16, Finding 5). Second, the ALJ determined Plaintiff retained the following RFC: "The claimant's residual functional capacity allows him to perform a nearly full range of sedentary work as described by the DDS physician in Exhibit 2." (Tr. 16,

Finding 6).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 16, Finding 7). The VE testified at the administrative hearing regarding Plaintiff's PRW. *Id.* Considering his RFC and that testimony, the ALJ determined Plaintiff was incapable of performing any of his PRW. (Tr. 16, Finding 7). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 15). The VE also testified at the administrative hearing regarding this issue. *Id.*

Considering a hypothetical individual with Plaintiff's limitations, the VE testified such a person would retain the capacity to perform work such as a front desk receptionist with approximately 140,000 such positions in the region and 700,000 such positions in the nation and as a hospital admissions clerk with approximately 34,000 such positions in the region and 170,000 such positions in the nation. (Tr. 16, Finding 7). Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work and had not been under a disability, as defined by the Act, at any time since June 9, 2010. (Tr. 16, Finding 10).

Thereafter, on February 15, 2012, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 6-7). On January 11, 2013, the Appeals Council denied this request for review. (Tr. 1-3). On March 4, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 4, 2013. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 12.  Specifically, Plaintiff claims the following: (1) the ALJ improperly evaluated several of his impairments as being non-severe; (2) the ALJ improperly assessed his RFC; and (3) the ALJ improperly found he could perform the jobs identified at Step Five of the Analysis.  *Id.*  Because the ALJ's RFC determination is not supported by substantial evidence in the record, the Court will only address Plaintiff's second argument for reversal.

In a social security disability case, the ALJ is responsible for determining a claimant's RFC based upon all of the relevant evidence.  *See Jones v. Astrue,* 619 F.3d 963, 971 (8th Cir. 2010).  The relevant evidence includes the claimant's own description of his or her limitations, the claimant's medical records, and observations of the claimant's treating physicians and others.  *Id.*  The ALJ's RFC determination must also be supported by "some" medical evidence.  *See Perks v. Astrue,* 687 F.3d 1086, 1092 (8th Cir. 2012).

In the present action, the ALJ stated Plaintiff's RFC was as follows: "The claimant's residual functional capacity allows him to perform a nearly full range of sedentary work as described by the DDS physician in Exhibit 2." (Tr. 16). Upon review of the hearing transcript in this case, it appears "nearly full range of sedentary work" includes the following limitations: "This individual's got combined exertional and non-exertional restrictions. Exertionally, they would be limited to only occasionally lifting and/or carrying 10 pounds. They should be able to frequently lift and/or carry less than 10 pounds. They can stand and/or walk with normal breaks at least two hours of an eight-hour work day and they should be able to sit with normal breaks for a total of about six hours of an eight-hour work day. They have unlimited ability, as far as operation of hand or foot controls. They can . . . occasionally stoop and occasionally crouch. But they could frequently climb, balance, kneel, and crawl. But they also have non-exertional restrictions and should avoid even moderate exposure to fumes, odors, dust, gases, and poor ventilation." (Tr. 44).

Based upon his opinion, however, it is unclear how the ALJ came to these specific limitations. Indeed, in light of his RFC finding–that it should include "sedentary work as described by the DDS physician in Exhibit 2"–and based upon his cursory review of the medical records in this case, it appears his opinions were solely based upon the findings of the DDS physician in this case. Such reliance upon the findings of a non-examining, non-treating physician is generally impermissible. *See Jenkins v. Apfel,* 196 F.3d 922, 925 (8th Cir. 1999) (holding the opinions of non-treating practitioners who have attempted to evaluate the claimant without examination do not normally constitute substantial evidence on the record as a whole).

Noticeably absent from the ALJ's analysis is any discussion of the findings of the consultative examiner who evaluated Plaintiff on October 27, 2010 and found Plaintiff had "moderate to severe limitations" in bending and stooping at his lower back and moderate limitations

in aerobic activity. (Tr. 171). The ALJ also disregarded the findings of a Ms. Amanda Curry, FNP who found on December 1, 2011 that Plaintiff suffered from manipulative limitations (including reaching, handling, fingering, and feeling), environmental limitations, and postural limitations. (Tr. 417-419). Defendant argues the ALJ discounted the findings of Ms. Curry because she is only a nurse practitioner and is not an "acceptable source" for establishing disability. *See* 20 C.F.R. § 404.1502 (2011). While Defendant is correct that a nurse practitioner is not an "acceptable medical source," the ALJ should have given more than a cursory review of her findings under the facts in this case, especially since they conflict with the determination of the DDS examiner.

As outlined above, the ALJ relied upon the findings of the DDS examiner in assessing Plaintiff's RFC. In relying upon these findings, the ALJ did not consider the opinions of one examining physician and disregarded the findings of one examining nurse practitioner. Because the findings of the examining physician and nurse practitioner are not consistent with the findings of the DDS physician, there is not substantial evidence to support the ALJ's RFC determination. *See Jenkins,* 196 F.3d at 925. Accordingly, this case must be reversed and remanded.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of February 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE